UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALERIA BENITEZ BAUTISTA, GUILLERO GABRIEL NIETO, and JAIME ANTONIO FRIAS, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:20-CV-2348-B |
| UR M. JADDOU, in her official capacity as Director of US Citizenship and Immigration Services, and US CITIZENSHIP AND IMMIGRATION SERVICES, | § § § § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before this Court is Plaintiffs Valeria Benitez Bautista, Guillero Gabriel Nieto, and Jaime Antonio Frias (collectively, "Plaintiffs")'s Motion in Response to Order to Show Cause (Doc. 41), and Defendants Ur. M. Jaddou and United States Citizenship and Immigration Services ("USCIS") (collectively, "Defendants")'s Response to Plaintiffs' Motion (Doc. 43). For the reasons below, the Court finds that Plaintiffs' claims are now moot, and the Court lacks subject matter jurisdiction to hear Plaintiffs' claims. Accordingly, the Court **DENIES** Plaintiffs' Motion and **ORDERS** the parties to comply with the terms of the Settlement Agreement.

Plaintiffs filed this Motion in Response to Order to Show Cause (the "Motion") and moved to reinstate the case on August 8, 2022. *See* Doc. 41, Mot. 1. Plaintiffs claim that Defendants failed to comply with the terms of the Compromise Settlement Agreement (the "Settlement Agreement") by failing to follow internal operating policies and procedures while adjudicating Plaintiffs'

-1-

applications to obtain Lawful Permanent Resident status ("the Applications"). *Id.* at 3. According to Plaintiffs, this failure renders Defendants' decision invalid and cannot constitute a final adjudication of the Applications. *Id.* at 3–4. Thus, Plaintiffs maintain that this case is ripe for review. *Id.* at 6. Defendants claim that Plaintiffs' claims are now moot, that this Court lacks jurisdiction to consider the breach of settlement agreement claim, and that such claim should be brought "in a separate lawsuit under the APA" or as a claim for "breach of the settlement contract in the U.S. Court of Federal Claims." Doc. 43, Resp. 2–3.

Article III of the Constitution limits federal-court jurisdiction to actual "Cases" and "Controversies." U.S. Const. art. III, § 2. Where a court lacks the constitutional power to adjudicate a case, it must dismiss it for lack of subject matter jurisdiction. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). A moot claim "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Bartholow*, 166 F.3d 710, 717 (5th Cir. 1999). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citations and quotation marks omitted).

Here, Defendants' adjudication of the Applications moots the Court's ability to grant any relief sought in Plaintiffs' Original Complaint. The Court now lacks a live case or controversy and thus lacks subject matter jurisdiction over Plaintiffs' claims. *See Gorfinkel v. United States Citizenship & Immigr. Serv.*, 2021 WL 1009319, at *5 (N.D. Tex. Feb. 12, 2021), *report and recommendation adopted*, 2021 WL 977064 (N.D. Tex. Mar. 16, 2021) ("The relief [the plaintiff] sought has been provided, and his claims have therefore been rendered moot."); *Ghosheh v. Tarango*, 2016 WL

3763421, at *1 (N.D. Tex. July 14, 2016) (finding the petition for writ of mandamus moot where the petitioners sought to compel USCIS to issue a decision on their immigration applications and USCIS issued those decisions after the lawsuit was filed). Accordingly, the Court **DENIES** Plaintiffs' Motion to Reopen and **ORDERS** the parties to comply with the terms of the Settlement Agreement.

**SO ORDERED.**

**SIGNED: September 16, 2022.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE